**David Allen FISH, #30267**

**v.**

**UNITED STATES of America.**

**Civ. No. 17146.**

United States District Court
D. Maryland.

June 6, 1966.

David Allen Fish, in pro. per.

Thomas J. Kenney, Baltimore, Md., for United States.

THOMSEN, Chief Judge.

## MEMORANDUM AND ORDER

On February 24, 1961, David A. Fish, then 15 years of age, having been charged with violation of the Dyer Act, 18 U.S. C.A. § 2312, having consented to be proceeded against as a juvenile delinquent, and having plead guilty, was found by this Court to be a delinquent and was committed under 18 U.S.C.A. § 5034 to the custody of the Attorney General for a period of five years. He has twice been released on parole, but has twice been found to have violated his parole. As a result, the representative of the Attorney General did not release Fish at the expiration of five years, in February 1966, but intends to hold him until he reaches the age of 21 years in November 1966, unless he is released earlier as a result of "good time" credits. The time spent on parole was about 19 months, considerably in excess of the nine months difference between February 1966 and November 1966. The present proceeding challenges Fish's present detention.

Fish contends, first, that he cannot be held after the expiration of five years from the date of the sentence. This contention raises the question whether the time spent on parole should be credited against the five year period. Such a credit is not allowed in the case of an ordinary sentence imposed on an adult by a federal district court. On the other hand, a youth offender committed

under 18 U.S.C.A. § 5010(b) cannot be held more than six years from the date of his conviction, and so, in effect, receives credit for the time spent on parole even though his parole may have been revoked. That is because section 5017(c) provides:

"A youth offender committed under section 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration date of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction."

 The applicable provision of the Juvenile Delinquency Act, 18 U.S.C.A. § 5034, reads as follows:

"If the court finds a juvenile to be a delinquent, it may place him on probation for a period not exceeding his minority, or commit him to the custody of the Attorney General for a like period.

"Such commitment shall not exceed the term which might have been imposed had he been tried and convicted of the alleged violation."

The proper construction of this provision is that a juvenile delinquent may not be held beyond his twenty-first birthday, but that if he is paroled and violates his parole, the time spent on parole is not credited against the term which might have been imposed had he been tried and convicted of the alleged violation, in this case, five years. No judicial decision one way or the other has been found, but the conclusion reached by this Court is supported by the Desk Book for Sentencing, distributed under the authority of a committee of the Judicial Conference of the United States, p. V–19.[1]

Fish also contends that his minority ended when he became eighteen years of age, because under 18 U.S.C.A. § 5031 a "juvenile" is defined as "a person who has not attained his eighteenth birthday". There is no merit in this contention. The "minority" of a juvenile delinquent ends when he becomes twenty-one years of age. United States v. Flowers, W.D. Tenn., 227 F.Supp. 1014 (1963), affirmed 6 Cir., 331 F.2d 604 (1964).

Relief under the motion and petition filed by Fish is hereby denied.

The Clerk is directed to send a copy of this memorandum and order to Fish and to the United States Attorney.

---

1. It may also be noted that the Youth Correction Act in 18 U.S.C.A. § 5023(b) states:

"Nothing in this chapter shall be construed in any wise to amend, repeal, or affect the provisions of chapter 403 of this title (the Federal Juvenile Delinquency Act), or limit the jurisdiction of the United States courts in the administration and enforcement of that chapter except that the powers as to parole of juvenile delinquents shall be exercised by the Division."