Donnie Ray **SMEARMAN**

v.

**UNITED STATES of America.**

**Civ. A. No. 67–1508.**

United States District Court
W. D. Pennsylvania.

Feb. 2, 1968.

No counsel of record.
Donnie Ray Smearman, pro se.

## OPINION

ROSENBERG, District Judge.

A petition has here been filed by Donnie Ray Smearman pursuant to the provisions contained in 28 U.S.C. § 2255.[1] The petitioner complains that he was given a longer term of incarceration under the Youth Corrections Act than he would have received as a maximum sentence under the statutory crime to which he pleaded guilty.

The petitioner was convicted, upon a plea of guilty, for violation of § 2312 of 18 U.S.C. for interstate transportation of a stolen motor vehicle (Criminal No. 65–027). The statute provides for a fine of $5,000, five years imprisonment or both. In its discretion under the Federal Youth Corrections Act (18 U.S.C. § 5005 et seq.), the Court committed Smearman to the custody of the Attorney General under § 5010(b) [2] of the Act, under which the petitioner is subject to a potential maximum sentence of six years, up to four years of incarceration and two of conditional release under supervision (18 U.S.C. § 5017(c)).[3]

In a previous petition at Civil Action No. 67–360, the petitioner complained that he had not been informed of the provisions contained in the Youth Corrections Act prior to his plea and for that reason he could not be committed under its provisions. In denying that petition, the opinion referred to the official transcript of the proceedings during the arraignment on February 17, 1965, before another member of this Court. The record revealed that the petitioner was specifically and precisely advised, before the plea was accepted, of the possible penalty of fine and imprisonment under the statutory crime, and he was also advised that the Court in its discretion could sentence him under the Youth Corrections Act to supervision for a period of six years with incarceration for four years (Criminal No. 65–027).

On March 11, 1965, the petitioner, being twenty years of age, appeared before me for sentencing.[4] The record re-

1. § 2255. Federal custody; remedies on motion attacking sentence
"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
A motion for such relief may be made at any time."

2. § 5010(b)
"If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Division as provided in section 5017(c) of this chapter; * * *."

3. § 5017(c)
"A youth offender committed under section 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction."

4. Reference has been had to the untyped record of notes by the official court reporter. The record in this case is quite voluminous and is on tape in the office of the Clerk of Court.

veals that the petitioner stated his age, reaffirmed his plea of guilty, and was once again advised of the possibility of commitment under the Youth Corrections Act and the character of the commitment and incarceration thereunder, with the possible benefits that could accrue to the defendant after treatment under the Act. Defendant's counsel reiterated that he had thoroughly advised the defendant on the possible penalties upon a plea of guilty.

I committed the petitioner as a youth offender for study in accordance with the provisions of 18 U.S.C. § 5010(e), for a period of 60 days; thereafter, on May 17, 1965, the period of study having been completed, I committed the petitioner to the custody of the Attorney General for treatment and supervision until discharged by the Federal Youth Correction Division of the Board of Parole as provided in 18 U.S.C. § 5017(c).

In his present petition, Smearman now attacks, as previously stated, the commitment under the Youth Corrections Act as enlarging the substantive penalty provided under the statute for the violation of the crime for which he was prosecuted. The question here then is whether or not the petitioner could be committed under the Youth Corrections Act, in accordance with its provisions, as against his contention that he could not be given a period greater than the penalty for the substantive crime of transportation of a stolen motor vehicle.

■ The purpose of Congress in passing the Youth Corrections Act was to permit federal judges, in their discretion, to sentence and treat youth offenders in line with modern trends in penology which stress correctional rehabilitation rather than retributive punishment. United States v. Lane, 284 F.2d 935, 941, C.A. 9, 1960; Brisco v. United States, 246 F.Supp. 818, 819 (D.C.Del., 1965). One result of such treatment, if successfully pursued, is that at or prior to the mandatory conclusion of his treatment, the petitioner's conviction may be set aside under 18 U.S.C. § 5021. In connection with this section which provides for

setting aside of the conviction after unconditional discharge of a youth offender who has been committed or incarcerated, it is interesting to note that the Judicial Conference sponsored an extension of these provisions to a youth offender who is not committed, but is placed on probation by the sentencing court. Public Law 67–336, 1961, U.S.Code, Congressional and Administrative News, page 3050.

By means of the Youth Corrections Act, Congress provided not so much for penalization as for treatment. The Act is in effect double purposed. It provides for a process for the eradication of the stigma which the crime and his conviction have already placed upon that youth. But it also provides the necessary regulation of a youth who is not amenable to correction, and in his case acts as it would in any other criminal proceeding. Thus the sentencing for treatment is a conditional application which essentially and inherently contains neither qualitatively nor quantitatively the elements of penalty unless and until the application of penalty becomes warranted and justified.

■ The petitioner's contention that he is deprived of his constitutional rights to due process because he can be and has been incarcerated for a period longer than would have been possible if sentence had been imposed for violation of the specific statute is, therefore, without merit. Brisco v. United States, 368 F.2d 214, C.A. 3, 1966; Rogers v. United States, 326 F.2d 56, 57, C.A. 10, 1963; Standley v. United States, 318 F.2d 700, 701, C.A. 9, 1963; Carter v. United States, 113 U.S.App.D.C. 123, 306 F.2d 283, 285 (1962); Cunningham v. United States, 256 F.2d 467, C.A. 5, 1958.

■■ As I stated in the opinion following Smearman's first petition, it is necessary that before acceptance of a plea of guilty, the youth offender must be advised of the possible commitment under the Youth Corrections Act in those cases where the maximum sentence under

the Youth Corrections Act exceeds the maximum penalty otherwise available for the statutory crime itself. Chapin v. United States, 341 F.2d 900, C.A. 10, 1965; Pilkington v. United States, 315 F.2d 204, C.A. 4, 1963. It has been amply recorded that Smearman was so advised in the instant case.

Other cases, though not involving the question of a knowledgeable guilty plea, have held that a youthful offender can be incarcerated for a period longer than would have been possible if sentence were imposed for violation of a specific statute, without deprivation of constitutional rights to due process of law. Brisco v. United States, supra; Rogers v. United States, supra; Standley v. United States, 318 F.2d 700, C.A. 9, 1963; Carter v. United States, supra; Cunningham v. United States, supra.

Accordingly, the petition will be denied.