William Ernest FRYE

v.

J. E. MORAN, Warden, Federal Correctional Institution, La Tuna, Texas.

No. Civ.–68–90.

United States District Court
W. D. Texas,
El Paso Division.

Feb. 3, 1969.

**1292**

Robert H. Hoy, Jr., El Paso, Tex., for petitioner.

Ernest Morgan, U. S. Atty., San Antonio, Tex., Romualdo Cesar Caballero, Asst. U. S. Atty., El Paso, Tex., for defendant.

## MEMORANDUM ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

SUTTLE, District Judge.

This is a Federal Habeas Corpus proceeding under 28 U.S.C. § 2241. Petitioner is incarcerated in the Federal Correctional Institution, La Tuna, Texas, pursuant to a judgment entered by the United States District Court for the Southern District of California, Central Division, and here contends that his continued detention is illegal.

Petitioner first applied for relief in the sentencing Court, which refused to entertain the application for lack of jurisdiction. On August 2, 1968, this Court ordered respondent to show cause. Respondent filed his answer on August 9, 1968, contending that (1) this Court

is without jurisdiction, and (2) the petitioner is legally held by him. Petitioner's rebuttal to this answer was filed August 15, 1968. On August 31, 1968, this Court entered an order finding that it had jurisdiction of the claim presented, since the ground for relief alleged could not be presented by a motion under 28 U.S.C. § 2255, and appointed counsel to represent petitioner in this Court. The Court further found, however, that petitioner's conviction might be void on other grounds,[1] and ordered that the proceedings in this Court be stayed until the sentencing Court could determine the constitutionality of the conviction and sentence in a § 2255 proceeding. On December 9, 1968, petitioner moved to reopen the proceedings in this Court, setting out that the sentencing Court had denied relief. On December 19, 1968, this Court ordered the proceedings reopened and set a hearing for December 23, 1968.

Hearing was begun on that day, with petitioner and counsel for both parties present and participating, but was continued by the Court until January 3, 1969, it appearing that neither side was adequately prepared to present a clear and complete factual picture as to what actually happened to this petitioner. On motion by petitioner, the hearing was further continued, and was finally completed January 17, 1969. From the testimony adduced and the exhibits admitted at said hearings, the Court finds the facts to be as follows:

On March 22, 1962, petitioner was arrested.[2] On May 28, 1962, petitioner was convicted, following a trial by the Court, under a one-count indictment which charged that he and one Barr had in their possession a 12-gauge shotgun with an 8-inch barrel, a firearm as defined in 26 U.S.C. § 5848, which had not been registered, in violation of 26 U.S.C. §

---

1. See Haynes v. United States, 390 U.S. 85, 91, 88 S.Ct. 722, 19 L.Ed.2d 923 n. 7 (1968).

2. The facts surrounding petitioner's arrest are fully set out in Frye v. United

States, 315 F.2d 491 (9th Cir.), cert. den., 375 U.S. 849, 84 S.Ct. 104, 11 L.Ed.2d 76 (1963). It is not clear from the record here whether petitioner was in custody pending trial, and if so, in whose custody.

5851. Barr was acquitted by the Court. Petitioner was sentenced and judgment was entered the same day, May 28, 1962. Petitioner was "committed to the custody of the Attorney General or his authorized representative for treatment and supervision pursuant to Section 5010(b) of Title 18, U.S.C., until discharged by the Federal Youth Correction Division of the Board of Parole as provided in Section 5017(c), Title 18, U.S.C." [3] The Marshal's return on the Judgment shows that petitioner was returned to the Los Angeles County Jail, and then, on June 6, 1962, taken to Terminal Island to await further transportation. Petitioner appealed his conviction, however, and was released on Appeal Bond on June 11, 1962. While appeal was pending petitioner was arrested by State authorities, was convicted in State Court and given a State sentence to serve. All this occurred somewhere in mid-September, 1962, and petitioner arrived at a State correctional institution for service of his State sentence on September 24, 1962. On March 27, 1963, his Federal conviction was affirmed,[4] and mandate was issued on November 4, 1963.

Thereafter, in the summer of 1964, petitioner applied for a Writ of Habeas Corpus in the California State Courts, asking to be delivered to the custody of the Attorney General of the United States in order that he could receive the benefit of the concurrent sentence provision contained in his state judgment of conviction. On July 13, 1964, the Attorney General of the State of California wrote the Director of the Bureau of Prisons, asking for confirmation of his view that the Federal Youth Correction Act sentence was operative and running even though petitioner was in state custody.[5] On July 22, 1964, Eugene N. Barkin, Legal Counsel to the Director, Bureau of Prisons, replied that under 18 U.S.C. §§ 5017(c) and 5006(h) petitioner's sentence under 18 U.S.C. § 5010(b) would run from May 28, 1962, and that, therefore, "the period Frye is presently in state custody is effectively reducing the period during which he could be held in federal custody." [6]

Petitioner was released from state custody on March 22, 1966, but for some unknown reason was not immediately taken into federal custody. On December 6, 1966, he was arrested in Mesa, Arizona, by a United States Marshal under authority of the 1962 Federal judgment of conviction. Petitioner presented the Marshal with a copy of Mr. Barkin's 1964 letter, wherein it states that "the initial period of commitment in Federal custody can not extend beyond May 27, 1966." [7] The Marshal released petitioner from custody "pending further instructions." [8] Then on January 11, 1967, petitioner received notice from the Bureau of Prisons that he was on parole, or conditional release, from the 1962 federal conviction. All went well until January of 1968, when petitioner's parole was revoked, and he was again, for the first time since June 11, 1962, in federal custody under the 1962 judgment of conviction. Finding that his final release date was listed as November 3, 1969, instead of May 27, 1968, as set out in Mr. Barkin's 1964 letter, petitioner filed the instant application.

The release provision governing a youth offender committed under 18 U.S.C. § 5010(b) is found in 18 U.S.C. § 5017(c), which provides that such an offender "shall be discharged unconditionally on or before six years from the

---

3. U. S. v. Frye, No. 30683–CD, S.D.Calif., Central Division, May 28, 1962.

4. Frye v. United States, supra, n. 2.

5. A copy of this letter was admitted into evidence as part of Petitioner's Exhibit C.

6. A copy of this letter was attached to petitioner's application, and was admitted into evidence as Petitioner's Exhibit A.

In reply to an inquiry of petitioner's present counsel, Mr. Barkin explains his reasons for this conclusion. This more recent letter was admitted as Petitioner's Exhibit B.

7. Petitioner's Exhibit A.

8. See the return on the Judgment, admitted into evidence as part of Government's Exhibit 1.

date of his conviction." The term "conviction" is defined in 18 U.S.C. § 5006(h) as meaning "the judgment on a verdict or finding of guilty, a plea of guilty, or a plea of nolo contendere." Petitioner contends that since the judgment on a finding of guilty was entered on May 28, 1962, he could not be held longer than May 27, 1968. This was the view of Mr. Barkin in his 1964 letter. The Government contends that the provisions in 18 U.S.C. §§ 5017(c) and 5006(h) must be read in conjunction with 18 U.S.C. § 3568 and Rule 38(a) (2), F.R.Crim.P., and that so read require that petitioner be released on or before November 3, 1969, or six years from the date petitioner's conviction became final. In its latest brief, the Government explains that petitioner will receive credit for days in custody following his conviction and prior to his release on bail, or from May 28, 1962 to June 11, 1962, and that, therefore, his final release date is approximately October 20, 1969. This is the view taken by Mr. Barkin in his most recent letter concerning this petitioner.

Depending on which statutory provision is emphasized, several final "unconditional release" dates may be urged and discussed, each of which might then be adjusted depending on whether or not credit was given for pre-sentence and/or post-sentence custody.[9] The narrow issue here presented, however, and the one the Court decides, is whether petitioner may be legally detained under the instant sentence past May 27, 1968, and *at least* until November 3, 1969, less credit for days spent in custody from May 28, 1962, to June 11, 1962. This, in turn, depends upon whether Rule 38 (a) (2), F.R.Crim.P., applies to a sentence imposed under 18 U.S.C. § 5010(b) of the Youth Correction Act.

■ The purpose of Congress in passing the Youth Correction Act was to permit federal judges, in their discretion, to sentence and treat youth offenders in line with modern trends in penology which stress correctional rehabilitation rather than retributive punishment.[10] More specifically, the provision under which petitioner was sentenced provides that, "*in lieu of* the penalty of imprisonment otherwise provided by law," petitioner be sentenced to the custody of the Attorney General "for treatment and supervision."[11] Such treatment is designed to correct the antisocial tendencies of the youth offender.[12] One result of such treatment, if successfully pursued, is that at or prior to the mandatory conclusion of his treatment, the underlying conviction may be set aside.[13] Given this purpose, the Courts have been unanimous in holding that this special treatment of youthful offenders is justified[14] and that the Act must not be administered in a manner inconsistent with its rehabilitative purposes.[15]

9. See 18 U.S.C. § 3568. Petitioner does not here contend that he is entitled to credit for pre-sentence custody.

10. Smearman v. United States, 279 F. Supp. 134, 136 (W.D.Pa.1968), citing United States v. Lane, 284 F.2d 935, 941 (9th Cir. 1960) and Brisco v. United States, 246 F.Supp. 818, 819 (D.Del. 1965). See Cunningham v. United States, 256 F.2d 467 (5th Cir. 1958) ; H.R.Rep. No. 2979, 81st Cong., 2d Sess. (1950), in 1950 U.S.Code Cong. & Ad. News, pp. 3983, 3985. For a discussion of this trend in general and the development of the Youth Correction Act specifically, see Rawls v. United States, 218 F.Supp. 849 (W.D.Mo.1963).

11. 18 U.S.C. § 5010(b) (Emphasis added.).

12. 18 U.S.C. § 5006(g).

13. 18 U.S.C. § 5021.

14. See, e. g., Brisco v. United States, 368 F.2d 214 (3d Cir. 1966) ; Rogers v. United States, 326 F.2d 56 (10th Cir. 1963) ; Standley v. United States, 318 F. 2d 700 (9th Cir. 1963) ; Carter v. United States, 113 U.S.App.D.C. 123, 306 F.2d 283 (1962) ; Cunningham v. United States, *supra* n. 10 (Upholding § 5010 (b) sentence of youth offender convicted of a misdemeanor) ; Smearman v. United States, *supra* n. 10.

15. See, e. g., Viggiano v. United States, 274 F.Supp. 985 (S.D.N.Y. 1967) (Presentence custody provisions of 18 U.S.C. § 3568 do *not* apply to sentence under

■ With this in mind we turn to a consideration of Rule 38, F.R.Crim.P. This rule provides, inter alia, that a sentence of imprisonment or order placing the defendant on probation shall, automatically, be stayed if an appeal is taken and, in the case of a sentence of imprisonment, the defendant is admitted to bail.[16] The humanitarian purposes of the rule, as reflected in its recent amendments,[17] along with similar purposes behind the recent Bail Reform Act of 1966,[18] are wholly consistent with those underlying the Youth Correction Act. Indeed, failure to apply the stay provisions of Rule 38 to a § 5010(b) sentence would be inconsistent with these purposes. A youth offender amenable to the treatment provided in the Youth Correction Act would have to choose between either foregoing a year or more of such supervision and treatment pending appeal or foregoing release on bail pending appeal. Others could defeat the purposes of the Act by excluding from the possible term of treatment the time his case was pending appeal. Applying the stay provisions of Rule 38 to a § 5010 (b) sentence, a youth offender may exercise his newly established rights to bail pending appeal and still receive the full period of beneficial treatment intended and provided for in 18 U.S.C. § 5017(c). Whether we proceed under the theory that a § 5010(b) sentence is a "sentence of imprisonment," as that term is used in Rule 38(a) (2),[19] or that the "conviction" contemplated by 18 U.S.C. §§ 5006(h) and 5017(c) is not final until after appeal, the period from the date petitioner was released on appeal bond until his conviction was affirmed and mandate issued must not be included in computing this petitioner's unconditional release date under 18 U.S.C. § 5017(c). He is personally entitled to this period of freedom and the same has no significance on the issue to be decided by the Youth Corrections Division as to whether a youth offender has responded to corrective treatment and consequently is fit to be returned to society and to be released conditionally or unconditionally, as provided for by § 5017(c).

Petitioner is presently in the custody of respondent consistent with the laws of the United States, and will remain so until *at least* November 3, 1969, less credit for days spent in custody from May 28, 1962 to June 11, 1962. His Petition must therefore be, and the same is hereby, in all things, denied, and it is so ordered.

§ 5010(b).) ; Rawls v. United States, *supra* n. 10 (18 U.S.C. §§ 4241–4248 applicable to person sentenced under § 5010 (b).).

16. While the recent amendments to Rule 38 do not apply to this petitioner; Cephus v. United States, 128 U.S.App.D.C. 366, 389 F.2d 317 (1967) ; United States v. Lawrenson, 383 F.2d 77 (4th Cir. 1967); they would not change the result here reached. Admittance to bail pending appeal has *always* effected a stay of the sentence appealed.

17. E. g., the 1966 amendments to Rule 38(a) (2) were meant to save a defendant from the consequences of an improvident election not to serve and to eliminate any disparity between treatment of indigent and nonindigent defendants pending appeal. See 1966 Committee Note to Rule 38, in 8A Moore, Federal Practice, par. 38.01 [3].

18. See 18 U.S.C. § 3146.

19. A § 5010(b) sentence may be a "sentence of imprisonment" as that phrase is used in Rule 38(a) (2) and not as that phrase is used in 18 U.S.C. § 3568. See Viggiano v. United States, *supra* n. 15. These words are not words of purchase as used in criminal statutes, and must be, in each case, read to further the rehabilitative purpose of the Act. Rawls v. United States, *supra* n. 10.