William Ernest FRYE, Plaintiff-
Appellant,

v.

J. E. MORAN, Warden, Federal Correc-
tional Institution, La Tuna, Texas,
Defendant-Appellee.

No. 27916
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Oct. 6, 1969.

Robert H. Hoy, Jr., El Paso, Tex., for plaintiff-appellant.

Seagal V. Wheatley, U. S. Atty., Romualdo C. Caballero, Asst. U. S. Atty., El Paso, Tex., for defendant-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of this Court this case has been assigned to this panel for screening and eventual disposition as a Summary Calendar matter or, in the alternative, by returning the record to the Clerk for calendaring and disposition after oral argument. For the reasons set forth below we have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing.

The memorandum opinion of the district court is reported. Frye v. Moran (D.C.W.D.Tex.1969) 302 F.Supp. 1291. Serious questions as to the construction of Title 18, U.S.C., Chapter 402, Sections 5005–5026, The Federal Youth Correction Act, specifically Section 5017, and its interplay in the overall statutory scheme with Title 18, U.S.C., Section 3568 and Rule 38(a) (2), Federal Rules of Criminal Procedure, are raised by that court's disposition of the issues. Despite the gravity of these issues, the result of the district court's decision is nevertheless simply to provide for appellant's unconditional release by November 3, 1969, at the latest rather than immediately as urged by appellant.

We do not believe that the screening process provides sufficient basis for disposition of the questions raised, but rather consider that they better lend themselves to disposition upon oral argument. Time and space limitations as to calendaring are such that the imminence of the release date does not provide sufficient time to calendar the case for oral argument and dispose of it before it is mooted.

In consideration of the foregoing, the judgment below is affirmed. This action should not be understood as either adoption or rejection of either the district court's reasoning or its conclusions. Those matters are not passed upon.

Affirmed.