Harry B. SUGGS, Petitioner-Appellee,

v.

Loren DAGGETT, Warden,
Respondent-Appellant.

No. 74–1708.

United States Court of Appeals,
Tenth Circuit.

July 30, 1975.

Jerry N. Snyder, Denver, Colo., for petitioner-appellee.

Mary K. Briscoe, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., on the brief), for respondent-appellant.

Before MURRAH, HILL and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This is a habeas corpus proceeding instituted April 8, 1974, in which the petitioner alleges his entitlement to release from custody on his claim that the statute under which he was sentenced, namely, the Youth Corrections Act, 18 U.S.C. § 5017(c),[1] makes release at the end of six years mandatory.

The sole contention is that the six year period of custody provided for under the cited section is a maximum period which requires that there be a mandatory discharge at the end of the sixth year regardless of whether the petitioner was in custody at all times during the six year period and even though he was in an escape status for part of the time.

Petitioner was sentenced pursuant to 18 U.S.C. § 5010(b) on May 23, 1968 by the United States District Court for the Western District of Arkansas. On March 18, 1970, he was released on parole and the condition was that he remain under supervision until May 22, 1974, or until otherwise discharged by law. On this same date he began to serve a six month sentence for escape which had been imposed by the District

---

1. This section provides:

(c) A youth offender committed under section 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction.

Court for the Northern District of Texas and which was to run consecutively with his Arkansas sentence. He was released from the six month sentence on August 7, 1970.

On January 14, 1971, a parole violator's warrant was issued. This was executed December 22, 1972, at which time petitioner was returned to custody.

The problem period arose starting June 3, 1973, at which time petitioner escaped and remained in this status until August 23, 1973, a period of 82 days. He was sentenced to one year for this escape on November 28, 1973. This was to run consecutively with his Youth Corrections sentence.

The Warden, respondent herein, did not include the 82 days in escape status in computing his release date. However, the district court ruled that § 5017(c), *supra*, is indeed mandatory in its terms and effect, whereby once the six years has expired there can not be continued detention; release must follow.

We must disagree with the court's construction of the statute. The trial court relied on our decision in *Rogers v. United States*, 326 F.2d 56 (10th Cir. 1963), which reiterates the terms of § 5017(c) and emphasizes that the inmate must be unconditionally discharged on or before six years from the date of his conviction. In our view both the statute and the decision relied on assume that during the period in question the inmate was in either actual custody as in confinement or in constructive custody, on parole; it does not contemplate that a prisoner can escape after sentence and remain in that status for either a short or long period of time and include the escape period in computing whether the six years have gone by and the sentence has been thereby served. We have held that a sentence of imprisonment is served by confinement in fact or by unrevoked parole. *See Postelwait v. Willingham*, 365 F.2d 759 (10th Cir. 1966); *Weathers v. Willingham*, 356 F.2d 421 (10th Cir. 1966).

It has been held that time spent on bond pending appeal (which occurs after sentence) is not to be included in computing time served. *Frye v. Moran*, 302 F.Supp. 1291 (W.D.Texas 1969), *summarily affirmed*, 417 F.2d 315 (5th Cir. 1969) is clearly analogous. To rule that escape time counts would be to disregard the object and spirit of the Youth Corrections Act which contemplates commitment for treatment looking to rehabilitation. It would be a mockery, therefore, to allow the escapee to employ time spent in an escape status in tabulating the six-year period of treatment looking to rehabilitation.

The judgment of the district court is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.