**Lewis H. HARTWELL, Petitioner,**

v.

**Delbert JACKSON, Director, District of Columbia Department of Corrections, and Leon Keenan, Superintendent, Youth Center No. 1, Respondents.**

**Civ. A. No. 75-0819.**

United States District Court, District of Columbia.

Sept. 24, 1975.

Kirby S. Howlett, III, Public Defender Service, Washington, D. C., for petitioner.

John L. Kern, Asst. U. S. Atty., Washington, D. C., for respondents.

## MEMORANDUM AND ORDER

GESELL, District Judge.

In this action petitioner seeks a writ of habeas corpus to gain his release from Youth Center No. 1 in Lorton, Virginia. The pertinent facts are undisputed. On July 18, 1969, petitioner was sentenced in the United States District Court for the District of Columbia pursuant to the Federal Youth Corrections Act (FYCA), 18 U.S.C. § 5010(b), and thereupon committed to the custody of the Attorney General. On March 21, 1971, petitioner was transferred to a Community Treatment Center in anticipation of the effective date of parole, but on July 11, 1971, he left that facility without permission and was absent for a period of 44 days. Although petitioner's parole was consequently rescinded on September 24, 1971, he was again granted parole on November 13, 1972. Once again, however, petitioner failed to return to the Community Treatment Center where he was confined while awaiting the parole release date and was gone for 777 days before being apprehended. In both instances a bench warrant issued; upon being apprehended, petitioner was prosecuted for escape and acquitted in the first instance and placed on probation in the second.

Pursuant to 18 U.S.C. § 5017(c), petitioner was originally scheduled to be unconditionally discharged six years after the imposition of the FYCA sentence. The date of release was advanced to February 26, 1975, as a result of credit for petitioner's pretrial incarceration, 18 U.S.C. § 3568. However, the Department of Corrections has now postponed the release date by the total time that

**1230**

petitioner was not in custody, thereby extending confinement to May 30, 1977.*

Petitioner contends that he was statutorily entitled to be unconditionally discharged upon the passage of six years from the date of sentencing, reduced by credit received for pretrial detention. This claim is based on the literal language of 18 U.S.C. § 5017(c), which provides:

A youth offender committed under section 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and *shall be discharged unconditionally on or before six years* from the date of his conviction. (Emphasis added.)

Petitioner asserts that the statute is clear and unambiguous, and that by its terms he cannot be confined in excess of six years even though he was absent from custody for more than two years during that period. The Government opposes this view, arguing that the words of the statute do not compel such a result and that it is unreasonable to presume a congressional intent to allow credit against a FYCA sentence for time spent on escape status.

■ It is true, as petitioner argues, that the statutory language is mandatory and unequivocal. Section 5017(c) of 18 U.S.C. directs that a youth offender "shall be discharged unconditionally" no later than six years after conviction, and no exceptions or qualifications are explicitly provided. *See Fish v. United States*, 254 F.Supp. 906, 906–07 (D.Md. 1966). However, although the FYCA was a carefully considered and comprehensive statute, *Dorszynski v. United States*, 418 U.S. 424, 432, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), there is no specific legislative history indicating the congressional intent on the problem here at issue.

■ The general rule in the federal system in that an escape tolls the running of an adult sentence. *See Theriault v. Peek*, 406 F.2d 117 (5th Cir. 1968) *cert. denied*, 394 U.S. 1021, 89 S. Ct. 1644, 23 L.Ed.2d 47 (1969) (federal prisoner); *cf. Vaughn v. Virginia*, 307 F.Supp. 688 (W.D.Va.1969) (state prisoner); *Woods v. Steiner*, 207 F.Supp. 945, 953 (D.Md.1962) (state prisoner). The federal statutory foundation for this rule is broad in scope, and does not expressly exclude youth offenders. 18 U.S.C. § 3568. Moreover, although this provision was in effect at the time of enactment of the FYCA, there is no evidence in the legislative history of the Act that Congress did not consider this well-established doctrine to be applicable to sentences under the Youth Corrections Act.

■ Against this background, it is unrealistic to suggest that Congress intended to repeal this general rule by implication. While much can be said for assuming that Congress meant unequivocally what it said, it is unwarranted to stretch an inflexible interpretation beyond the realm of reason. Can the Court realistically assume that Congress believed youthful offenders were being rehabilitated while in escape status and that the beneficent purposes of the Youth Corrections Act were being accomplished while an offender lived without supervision in violation of his commitment? Surely not. Reason, justice and tradition strongly suggest that the Court must recognize the common-sense practicalities of the situation presented and refuse to be compelled into an absurd and unforeseen result by procrustean rules of statutory interpretation. No one can sensibly conclude that Congress, without a word in the legislative history, intended the novel and illogical result that youthful offenders who escaped from custody would still receive

* Petitioner is presently 25 years old. He is thus within the age of the population of inmates sentenced under the FYCA, and will remain so during the extension of his confinement. *See* 18 U.S.C. § 5006(e) (1970); *cf.* 18 U.S.C. § 4209 (1970).

credit for serving a sentence they did not serve.

The precise question at issue here was recently decided by the United States Court of Appeals for the Tenth Circuit in *Suggs v. Daggett*, 522 F.2d 396 (10th Cir. 1975), *rev'g* No. 74–66–63 (D.Kan. May 31, 1974). In *Suggs* the Court of Appeals held that the FYCA did not require mandatory discharge at the end of six years where the youth offender was in escape status for part of that time.

For the foregoing reasons, the petition is denied. The writ shall not issue.

So ordered.