William H. BROWN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20164.

United States Court of Appeals Fifth Circuit.

Aug. 20, 1963.

Edward L. Cates, Jackson, Miss., William H. Brown, Gulfport, Miss., for appellant.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for appellee.

Before PHILLIPS,* CAMERON and WISDOM, Circuit Judges.

* Of the Tenth Circuit, sitting by designation.

1. Mississippi Code Ann., 1942, Recompiled, § 6909-03.

## PER CURIAM.

This is an appeal from a judgment of the District Court dismissing, after a full hearing, a petition for writ of habeas corpus. Petitioner is being held by the Veterans Administration Center as an incompetent person under authority of two commitment orders of the Chancery Court of Copiah County, Mississippi.

Appellant was committed to the Hospital or Center in 1955 upon the affidavit of his wife and after a hearing [1] in the state court. He "eloped" several times, but was finally apprehended and committed again in 1961. The petition for habeas corpus attacked the 1961 commitment.

■ Inasmuch as the 1955 commitment was valid, we need not decide appellant's contentions as to the 1961 commitment. Appellant's argument, that the introduction of the wife's affidavit in the habeas corpus proceeding was in violation of the statute [2] making a spouse an incompetent witness, is without merit. The commitment statute, Note 1, supra, necessarily amends the marital privilege rule to the extent that "any citizen of the State * * * may make affidavit * * *." If the affidavit was properly a part of the record of the state commitment proceeding, it was necessarily before the reviewing court.

Though probably not required to do so in this type of case,[3] the court below held a full hearing and found as a fact that appellant was incompetent and thus not entitled to be released. The judgment appealed from is

Affirmed.

2. Mississippi Code Ann.1942, Recompiled, § 1689.

3. Cf. Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.