**Kenneth YOUNG HEE CHOY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18494.**

United States Court of Appeals Ninth Circuit.

Sept. 3, 1963.

Kenneth Young Hee Choy pro. per.

Herman T. F. Lum, U. S. Atty., and Yoshimi Hayashi, Asst. U. S. Atty., Honolulu, Hawaii, for appellee.

Before HAMLIN and DUNIWAY, Circuit Judges, and KUNZEL, District Judge.

HAMLIN, Circuit Judge.

This is an appeal from the denial by the United States District Court for the District of Hawaii of a motion under 28 U.S.C. § 2255 made by Kenneth Young Hee Choy, appellant herein, to set aside what was alleged to be an illegal sentence.

On October 15, 1959, appellant pleaded guilty to a violation of 18 U.S.C. § 656 (embezzlement from a national bank). The amount involved was more than $100, and the maximum sentence possible was a fine of $5000 or imprisonment for five years, or both. The district judge, after a pre-sentence report, sentenced appellant to imprisonment for a period of two years, suspended execution of the sentence, and placed appellant upon probation for a period of two years, one of the conditions of probation being that he make restitution in the sum of $260.[1]

In July, 1961, a motion to revoke appellant's probation, based upon several grounds, was filed by the chief probation officer. A hearing was held on this motion, appellant being represented by counsel. At the conclusion of the hearing, the district court revoked appellant's probation,[2] and sentenced appellant to the custody of the attorney general for treatment and supervision pursuant to 18 U.S.C. § 5010(b), until discharged by the Federal Youth Correction Division of the Board of Parole as provided in 18 U.S.C. § 5017(c).

In December, 1962, appellant moved under section 2255 the United States District Court for the District of Hawaii to vacate the sentence,[3] contending on the following grounds that the sentence was illegal: (1) it was in excess of the original sentence imposed by the district court; (2) the second sentence was in violation of his constitutional rights; (3) he was over the age of 22 at the time of the imposition of the second sentence; (4) he had made restitution; and (5) youth offenders do not become rehabilitated when "treated" under the Federal Youth Corrections Act.[4] We shall consider these contentions in the order listed.

■ The district court found that on August 1, 1961, when appellant's probation was revoked and he was sentenced under the Federal Youth Corrections Act, he was represented by counsel and that counsel requested the court to sentence appellant under the Federal Youth Corrections Act. The court further found that it was pointed out to appellant and his counsel that the original sentence in the case was for imprisonment for a period of two years and that under the Act the sentence would be for an indefinite period, during which he might be released conditionally not more than four years after his conviction and unconditionally not more than six years after his conviction, and that "he would be taking a chance that he might be held for more than two years"; that thereafter appellant conferred with his attorney, his father and his wife, and then specifically consented to being sentenced under the Federal Youth Corrections Act. In addition, appellant and his counsel signed a consent to the order revok-

---

1. Restitution in this sum was made.

2. Appellant admitted all of the claimed violations of his probation, except one, which he did not deny.

3. At the time of the filing of the motion, appellant was confined in a federal correctional institution at Lompoc, California.

4. Appellant also contended that the sentence of probation imposed by the District Court of Hawaii was to run concurrently with a previous sentence of probation imposed upon him by the District Court for the Southern District of California; the latter sentence had allegedly expired at the time of revocation of his probation and so appellant argued that the District Court of Hawaii did not have authority to revoke the probation. This contention was patently without merit. The sentence of probation imposed by the District Court of Hawaii did not provide that it was to run concurrently with or consecutively to any other sentence; nor was any connection shown between that sentence and any sentence rendered by the District Court for the Southern District of California.

ing probation and to his sentence under the Act. In the light of these facts, we do not feel that appellant is in a position to complain about the possible length of his confinement under the Act.

■ Appellant's constitutional objections are unclear.[5] The constitutionality of the Federal Youth Corrections Act and its sentencing provisions [6] has been previously upheld.[7] Although some suggestion is made by appellant in his petition that the principle of double jeopardy may be applicable to his resentencing under the Act, we have previously held such a contention to be without merit.[8] Since appellant specifically requested to be sentenced under the Act and consented to be sentenced under the Act after the district judge had fully explained the significance of such a sentence to him and his counsel, we can see no way in which his constitutional rights have been violated.[9]

■■ The Federal Youth Corrections Act defines a "youth offender" as a person under the age of 22 years at the time

of his conviction.[10] Although appellant now contends that he was 23 on the date of his conviction, the district court specifically found, based upon the records of the Department of Health of the State of Hawaii, that appellant was born on July 18, 1938, and at the time of his conviction on October 15, 1959, was 21 years of age.

■ We agree with the government that the making of restitution as required by the conditions of probation did not in any way affect the sentence imposed upon appellant or appellant's status as a probationer.

■ Finally, we hold that appellant's contentions concerning his dissatisfaction with the program at the place where he is incarcerated do not afford a basis for setting aside his sentence.

We conclude that appellant's sentence under the Federal Youth Corrections Act is not illegal. Accordingly, the order of the district court denying appellant's motion is affirmed.

5. By reason of defendant's consent to be sentenced pursuant to the provisions of section 5010(b), we need not consider the question of whether the defendant, had he not consented, would be entitled to be released both conditionally and unconditionally upon the expiration of two years which was the term of the original suspended sentence.

6. Title 18, § 5017(c) provides:
   "A youth offender committed under section 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction."

7. See, e.g., Cunningham v. United States, 256 F.2d 467 (5th Cir. 1958); Carter v. United States, 113 U.S.App.D.C. 123, 306 F.2d 283 (1962).

8. See Cherry v. United States, 299 F.2d 325 (9th Cir. 1962).

9. By reason of the consent of the defendant to be sentenced under the provisions of 5010(b), the problem of the effect in failing to advise a defendant, on a plea of guilty, regarding the provisions of the Federal Youth Corrections Act, does not arise. However, we believe that where a defendant pleads guilty to an offense where the maximum penalty is less than six years and is eligible for sentencing under the Federal Youth Corrections Act, he should be advised that he could be sentenced under the Federal Youth Corrections Act and that he could not be unconditionally released prior to six years. Pilkington v. United States, 315 F.2d 204 (4th Cir. 1962).

10. See 18 U.S.C. § 5006(e). Section 4209 of Title 18 U.S.C. also authorizes the district courts under certain circumstances to sentence defendants who have attained the age of 22 years but who have not yet attained the age of 26 years at the time of conviction, under the Federal Youth Corrections Act.