**Clarence Ebin BRISCO, Jr., Appellant,**

v.

**UNITED STATES of America.**

**No. 15723.**

United States Court of Appeals
Third Circuit.

Submitted June 14, 1966.

Decided Nov. 4, 1966.

Clarence E. Brisco, Jr., pro se.

Liborio V. Ramunno, Wilmington, Del., Asst. U. S. Atty. (Alexander Greenfeld, U. S. Atty., on the brief), for appellee.

Before GANEY and SMITH, Circuit Judges, and KIRKPATRICK, District Judge.

### OPINION OF THE COURT

WILLIAM F. SMITH, Circuit Judge.

The appellant, represented by appointed counsel, was tried and convicted on a single count of an information charging him with the willful obstruction of the passage of mail, a petty offense punishable by a fine of not more than $100 or imprisonment for not more than six months, or both. 18 U.S.C.A. § 1701. The trial judge found that he was a "youth offender" within the meaning of the Youth Corrections Act, 18 U.S.C.A. §§ 5005–5024, and sentenced him to the

custody of the Attorney General pursuant to § 5010(b). The appellant made no objection to the sentence and took no appeal from the judgment. After he had been confined for more than a year, the appellant filed the equivalent of a motion for relief under § 2255 of Title 28 U.S.C.A. Therein he challenged the legality of his sentence on grounds hereinafter considered. The motion was denied and this appeal followed.

The purpose of a commitment under subdivision (b) or (d) of § 5010 is to afford the youth offender an opportunity for corrective treatment and rehabilitation in contemplation of his return to the community as a useful citizen. Such a commitment is designed to alleviate the disadvantages frequently attendant upon the penalty of imprisonment. A youth offender committed under subdivision (b) may be released conditionally under supervision at any time; he may be discharged unconditionally at the expiration of one year from the date of his conditional release; he must be released conditionally under supervision on or before the expiration of four years from the date of his conviction; he must be unconditionally discharged on or before the expiration of six years from the date of his conviction. 18 U.S.C.A. § 5017(a) (b) (c). If the offender is unconditionally discharged before the expiration of six years his conviction is automatically set aside. 18 U.S.C.A. § 5021.

The appellant challenges the constitutionality of §§ 5010(b) and 5017(c), as applied to him, on the ground that the possible period of confinement permissible thereunder is in excess of the term of imprisonment provided by the statute under which he was convicted. The issue raised by the challenge has been considered by several courts of appeal and in each instance the statute has been upheld as constitutional. Rogers v. United States, 326 F.2d 56, 57 (10th Cir. 1963); Standley v. United States, 318 F.2d 700, 701 (9th Cir. 1963); Carter v. United States, 113 U.S.App.D.C. 123, 306 F.2d 283, 285 (1962); Cunningham v. United States, 256 F.2d 467 (5th Cir. 1958). We agree with the decisions in these cases.

The appellant contends that the trial judge lacked authority to order his commitment under the Act without his consent. The contention is completely lacking in merit. The judge was vested with authority to sentence the appellant to a term of imprisonment under § 1701 of Title 18 U.S.C.A., or, in lieu thereof, to order his commitment for the purpose of treatment. 18 U.S.C.A. § 5010(b) and (d). We have considered the cases cited by the appellant and find them inapposite.

The appellant maintains that the failure of the lower court to grant him an evidentiary hearing on the motion was error. The only questions raised were decidable on "the motion and the files and record of the case" from which it conclusively appeared that the appellant was entitled to no relief. Under these circumstances such a hearing was not required. 28 U.S.C.A. § 2255.

The appellant here contends for the first time that he was denied the effective assistance of counsel "during the course of the proceedings against him." We are convinced from our examination of the record that the contention is lacking in substance. However, since the question was neither properly raised by the motion nor considered by the court below, we cannot consider it on this appeal. Brown v. United States, 321 F.2d 898 (5th Cir. 1963); Smith v. United States, 287 F.2d 270 (9th Cir. 1961), cert. den. 366 U.S. 946, 81 S.Ct. 1676, 6 L.Ed.2d 856; Bartholomew v. United States, 286 F.2d 779 (8th Cir. 1961).

The judgment of the court below will be affirmed.