**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**David Michael REHFIELD, Defendant-Appellant.**

**No. 23094.**

United States Court of Appeals
Ninth Circuit.

Sept. 15, 1969.

Rehearing Denied Oct. 16, 1969.

W. Edward Morgan (argued), Tucson, Ariz., for appellant.

Jo Ann D. Diamos (argued), Asst. U.S.Atty., Edward E. Davis, U.S.Atty., Tucson, Ariz., for appellee.

Before MADDEN,* Judge, United States Court of Claims, HAMLEY and DUNIWAY, Circuit Judges.

* Honorable J. Warren Madden, Judge, United States Court of Claims, sitting by designation.

1. As is pointed out in United States v. O'Brien, 1968, 391 U.S. 367, 371, 88 S.Ct. 1673, 20 L.Ed.2d 672, the applicable stat-

DUNIWAY, Circuit Judge:

Rehfield was adjudged guilty of knowingly destroying his draft card in violation of 50 U.S.C.App. § 462(b) and of knowingly failing to possess his draft card in violation of 50 U.S.C.App. § 460.[1] The trial judge sentenced him as a "young adult offender" under 18 U.S.C. §§ 4209, 5010(b); this single order of commitment applied to the conviction under both charges. We affirm.

■ 1. *Section 462(b) is constitutional.*

Rehfield asserts that the 1965 amendment of Section 12(b) (3) of the Universal Military Training and Service Act (now the Selective Service Act of 1967), 50 U.S.C.App. § 462(b) (3), is unconstitutional as an abridgment of free speech on its face and as applied.

His claim is foreclosed by United States v. O'Brien, 1968, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672.

2. *The privilege against self-incrimination is not involved.*

■ Rehfield next complains that because failing to register for the draft is a crime, "[t]o be forced then to be subject to examination as to whether or not one has proof of such registration is in effect to force a person to testify against himself." The point is not presented by this appeal, and we express no opinion as to its validity. The charge is that Rehfield did not "have in his personal possession the Notice of Classification Certificate issued to him." He is not charged with failure to produce it on request. The only evidence in the case is this: On December 4, 1967, Rehfield was present with a number of other people on the steps of the Tucson City Hall. While there, he produced his classification card and said that it was such a card. Several people were standing near him, two of whom were F.B.I. agents. One of them

ute appears to be § 462(b) (6). Section 460 does not define any offenses. But the indictment does state facts sufficient to show a violation of a regulation issued under § 460(b) (1), proscribed by § 462 (b) (6).

noted that the card was a Notice of Classification card and recorded Rehfield's name and Selective Service number from the card. Rehfield set fire to the card, holding it high in the air until only a small portion remained, and then dropped the remnants to the ground, abandoning them there. The other agent retrieved the ashes and the unburned fragment of the card.

No doubt Rehfield incriminated himself by his acts and words, but nothing in the regulations "compelled [him] to be a witness against himself" (Const. Amdt. 5) in this case. No government agent asked, much less compelled him to do anything. He himself voluntarily and publicly divested himself of possession of the card. Nothing else is involved in the charge.

3. *The sentence is lawful.*

██ a. *There was no cruel or unusual punishment.*

Rehfield was committed as a "young adult offender," 18 U.S.C. § 4209, under the Federal Youth Corrections Act, 18 U.S.C. § 5010(b), and his detention may extend to six years, 18 U.S.C. § 5017 (c), while section 462(b) provides for a maximum of five years. Rehfield contends that the commitment is cruel and unusual punishment because his term may extend for one year longer than the maximum term under section 462(b). This contention has been rejected by this[2] and every other circuit court[3] which has considered it.

██ At oral argument Rehfield's counsel contended that he could not be separately punished for destroying his draft card and for failure to possess it. Such a claim is barred here because Rehfield received the same sentence on both counts and thus the sentence is concurrent. McCullough v. United States, 9 Cir., 1968, 403 F.2d 1013, 1015.

b. *The claim that Rehfield could not be sentenced as a young adult offender without his consent is not before us.*

██ This point, too, is not presented by this record. At no time did Rehfield or his counsel object to such a sentence. The most that the record shows is that Rehfield felt that his conduct had been proper and that his counsel thought that he could not be rehabilitated because his conduct was dictated by his conscience, and that therefore imprisonment would be inappropriate. There was never even a suggestion that, if the court thought that Rehfield should be sentenced to imprisonment, the sentence should not be as a young adult offender. And when the sentence was imposed, neither Rehfield nor his counsel objected.

██ 4. *Lawfulness of the Vietnam war.*

Rehfield urges certain defenses which the trial judge refused to consider, namely, alleged violations by the United States, in the conduct of the war in Vietnam, of various treaties to which the United States is signatory. He argues that the draft law is in aid of the claimed violations. Rehfield's allegations, if true, do not provide him a defense. As the court said in United States v. Mitchell, 2 Cir., 1966, 369 F.2d 323, 324, cert. denied, 1967, 386 U.S. 972, 87 S.Ct. 1162, 18 L.Ed.2d 132:

"Regardless of the proof that appellant might present to demonstrate the correlation between the Selective Service and our nation's efforts in Vietnam, as a matter of law the congressional power 'to raise and support armies' and 'to provide and maintain a navy' is a matter quite distinct from the use

2. Eller v. United States, 9 Cir., 1964, 327 F.2d 639; Young Hee Choy v. United States, 9 Cir., 1963, 322 F.2d 64, 66 n. 7; Standley v. United States, 9 Cir., 1963, 318 F.2d 700.

3. United States v. Dancis, 2 Cir., 1969, 406 F.2d 729; Brisco v. United States, 3 Cir., 1966, 368 F.2d 214; Johnson v. United States, 4 Cir., 1967, 374 F.2d 966; Cunningham v. United States, 5 Cir., 1958, 256 F.2d 467; Kotz v. United States, 8 Cir., 1965, 353 F.2d 312; Rogers v. United States, 10 Cir., 1963, 326 F.2d 56; Carter v. United States, 1962, 113 U.S.App.D.C. 123, 306 F.2d 283.

which the Executive makes of those who have been found qualified and who have been inducted into the Armed Forces."

See also Simmons v. United States, 5 Cir., 1969, 406 F.2d 456; United States v. Prince, 2 Cir., 1968, 398 F.2d 686, 688.

Affirmed.