**Ronny Lee HALE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 69–443.**

United States District Court
W. D. Oklahoma.

Jan. 5, 1970.

Ronny Lee Hale, pro se.

William R. Burkett, U. S. Atty., John O. Sparks, Asst. U. S. Atty., Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, District Judge.

Petitioner was sentenced on January 28, 1964, pursuant to his plea of guilty to a charged violation of 18 U.S.C.A. § 2312 under the Youth Corrections Act, 18 U.S.C.A. § 5010(b). As the maximum sentence for a violation of 18 U.S.C.A. § 2312 is five years, Petitioner contends that his sentence was fully served on January 27, 1969, and that he may not

346

be held in custody for the six year maximum provided under the Youth Corrections Act.

It is well settled that the term of confinement under the Youth Corrections Act when sentence is imposed thereunder may exceed the maximum straight time sentence provided in the statute describing and punishing a particular criminal offense. Rogers v. United States, 326 F.2d 56 (Tenth Cir. 1963); Johnson v. United States, 374 F.2d 966 (Fourth Cir. 1967); Kotz v. United States, 353 F.2d 312 (Eighth Cir. 1965); Young Hee Choy v. United States, 322 F.2d 64 (Ninth Cir. 1963); Carter v. United States, 113 U.S.App.D.C. 123, 306 F.2d 283 (1962). There is no merit whatsoever in this contention of Petitioner.

Petitioner also complains that he has been unlawfully deprived of certain credits against his sentence. But Petitioner has failed to show that he has exhausted his administrative remedies in this connection by applying to the Director of the Bureau of Prisons. The Court is, therefore, without jurisdiction. Smoake v. Willingham, 359 F.2d 386 (Tenth Cir. 1966). Moreover, with respect to his complaint concerning good conduct credits, it appears that the statute on which Petitioner relies in his contention that he may not be deprived of his good conduct credits applies only to prisoners serving a definite term sentence. 18 U.S.C.A. § 4161. As Petitioner is serving an indefinite term sentence under the Youth Corrections Act, the statute does not apply to his sentence. 18 U.S.C.A. § 4162. With respect to Petitioner's complaint concerning industrial good time credits under 18 U.S.C.A. § 4162, the grant or denial of industrial good time credits is a matter totally within the discretion of the penal authorities. Petitioner's contentions regarding the failure to allow him credits against his sentence are likewise wholly without merit.

Petitioner's Petition for Writ of Habeas Corpus is hereby dismissed.