Claude Leon GUIDRY, Petitioner,

v.

UNITED STATES of America,
Respondent.

Misc. No. 1623.

United States District Court,
E. D. Louisiana,
New Orleans Division.

March 9, 1970.

Edward E. Chase, New Orleans, La.,
for petitioner.

George P. Hand, Jr., Asst. U. S. Atty.,
for respondent.

RUBIN, District Judge:

Petitioner pleaded guilty to a charge
of violating 26 U.S.C.A. § 5054 (re-
moval of beer from brewery without
complying with tax regulations) and was
committed to the custody of the Attorney
General as a youth offender, under the
Youth Corrections Act, 18 U.S.C.A. §§

5005–5026. Section 5017(c) of that Act provides that one committed under Section 5010(b), as was petitioner, "shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction." Other subsections of Section 5017 authorize conditional release of the prisoner at any time, and unconditional discharge one year following the conditional release. Guidry is currently serving this indeterminate sentence at the Federal Correctional Institution in Tallahassee, Florida.

Guidry filed a motion to vacate his sentence, under 28 U.S.C.A. § 2255, claiming his constitutional rights were violated because he was subjected to incarceration and penal supervision for a longer period than he could have been confined had he been sentenced to the maximum one year imprisonment prescribed for the crime to which he pleaded guilty.[1] Although his court-appointed counsel presented an excellent and exhaustive brief on Guidry's behalf, the court must deny the motion to vacate the sentence.

Petitioner's principal complaint is that the indeterminate sentence provisions of the Youth Corrections Act violate his right to fair and equal treatment under the Fifth Amendment, because they apply only to an age group —18 to 26—that he contends was chosen arbitrarily. Because of the Act, this group alone may be incarcerated for a period longer than the maximum prescribed for the substantive offense; Guidry charges that the imposition of potentially longer confinement on an arbitrarily defined class constitutes an invidious discrimination.

▉ Petitioner also charges that this potentially longer sentence violates due process in his case, by imposing a

greater penalty than Congress had designed for the offense of which he was convicted. This loses sight of the fact that Congress passed the Youth Corrections Act as an *alternative* sentence, in effect, considering it more effective than orthodox penalties for some persons convicted of crimes. The legislature does not encroach upon personal rights under the Fifth Amendment when it provides for flexibility in the treatment of offenders; it is well-settled that the benefits a convict receives under the Youth Corrections Act sufficiently balance the possibility of longer confinement to justify the indeterminate sentence under the Fifth and Eighth Amendments. Cunningham v. United States, 5 Cir. 1958, 256 F.2d 467; Tatum v. United States, 1962, 114 U.S.App.D.C. 49, 310 F.2d 854; Rogers v. United States, 10 Cir. 1963, 326 F. 2d 56. Indeed the end result of that Act may be that he will so fully discharge his societal debt as to erase his conviction. In re Gault, 1967, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, does not require a different result. Guidry was denied no procedural safeguard because of his age, and *Gault* does not forbid—it expressly permits—special educational and rehabilitative treatment for youthful offenders.

▉ Petitioner's contentions that the Youth Corrections Act is an *ex post facto* law, and that it violates due process by imposing too much quasi-legislative discretion in the judiciary, are also without merit. In reality, the Youth Corrections Act preceded by nine years the law setting up the crime to which Guidry pleaded guilty, and preceded his commission of the crime by 18 years; in no way can it be said to have aggravated the penalty for an *existing* offense. The discretion granted judges to invoke the Youth Corrections Act or to sentence an eligible offender to the specific penalty attached to the offense is no greater in kind or

1. An attack on the constitutionality of the conviction itself has apparently been abandoned. The court feels that the point there raised was without merit, and would have denied relief on that ground, at any rate.

degree than the traditional discretion of a sentencing judge; the Act simply provides an additional option, should the more customary imprisonment, fine, probation or suspension of sentence seem inadquate in a particular case.

Petitioner concedes that the purpose of the Youth Corrections Act is to provide treatment and rehabilitation for certain offenders whose future might be more harmed than helped by serving time in a regular prison. He argues, however, that these same objectives underlie the special treatment accorded juveniles (those under the age of 18) under the Juvenile Delinquency Act, 18 U.S.C.A. §§ 5031–5037, yet Section 5034 of that Act provides that commitment as a juvenile delinquent "shall not exceed the term which might have been imposed had he been tried and convicted of the alleged violation." Petitioner urges that the element distinguishing juveniles from youth offenders—attainment of the age of 18—is a purely arbitrary one that does not justify denying to youth offenders the protection given juveniles.

■ Although petitioner's discussion of this equal protection point lays much emphasis on a characterization of the age group 18–26 as arbitrary and unrelated to penological objectives, in fact the relevant class within which Guidry himself falls is that of "youth offenders," those between 18 and 22, 18 U.S.C.A. § 5006(e).[2] Petitioner was 21 at the time of his conviction, and does not have standing to question the rea-

sonableness of 18 U.S.C.A. § 4209, the provision making "young adult offenders" (those between 22 and 26) eligible for sentencing under the Youth Corrections Act. In Cunningham v. United States, *supra,* the Fifth Circuit specifically dealt with the question whether, as to "youth offenders," the Youth Corrections Act perpetrated an invidious discrimination vis-a-vis adults who receive definite sentences. The court decided the distinction was a reasonable one, and that Congress could provide for special treatment for young persons who might be more amenable to training and rehabilitation.

■ The distinction between "juveniles" and "youth offenders" is also a reasonable one. The Juvenile Delinquency Act creates a whole special apparatus for dealing with children who commit federal offenses, tailored to the needs of the very young. "Very young," "children" and "juveniles" are all, of course, relative terms, and drawing a line according to age is the easiest and most useful means of drawing boundaries. Distinctions among individuals close to the line on either side are of course harder to draw, but the eighteenth birthday is a symbol of near maturity frequently chosen as a point for the imposition of legal responsibilities and privileges. Congress could constitutionally choose it as the determining factor between who was to be treated as a juvenile and who would be considered a youth offender.

For these reasons, the motion to vacate sentence will be denied.

---

2. In fact, the distinction between juveniles and youth offenders, attacked by petitioner as discriminatory, is not relevant to the indeterminate sentence provisions of the Youth Corrections Act. "Youth offender" is anyone under the age of 22 at the time of conviction; this includes those who might also qualify as juveniles (under the age of 18, 18 U.S.C.A. §

5031). The Attorney General has discretion to proceed against a juvenile in a regular criminal action, and the juvenile must *consent* to juvenile delinquency proceeding, 18 U.S.C.A. § 5032. If the juvenile is prosecuted in a regular action, he is subject to sentencing under the Youth Corrections Act.