**Claude Leon GUIDRY, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 29695**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 12, 1970.

Rehearing Denied Nov. 11, 1970.

* ▪ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of

Edward Chase, New Orleans, La., for petitioner-appellant; Claude L. Guidry, pro se.

Gerald J. Gallinghouse, U. S. Atty., Joseph R. McMahon, Jr., Asst. U. S. Atty., New Orleans, La., for respondent-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

This appeal is from an order denying a motion to vacate and set aside a sentence. 28 U.S.C.A. § 2255. Guidry v. New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

United States, E.D.La., 1970, 317 F. Supp. 1110. We affirm.

Appellant pleaded guilty to violating 26 U.S.C.A., § 5674 a misdemeanor offense carrying a maximum one year sentence. On May 7, 1969, he was sentenced under the provisions of the Youth Corrections Act, 18 U.S.C.A., §§ 5005–5026, to an indeterminate sentence which, under the Act, § 5017, could not exceed four years with a possibility of two more years under supervision.

■ Pointing to the disparity between the one year maximum sentence to which an adult or juvenile offender charged with the same offense would be subjected as compared with his own circumstances, appellant mounts a vigorous attack on his sentence on constitutional grounds, alleging that it violates the equal protection and due process clauses, and that it also constitutes cruel and unusual punishment. This particular Act of Congress, beginning with Cunningham v. United States, 5 Cir., 1958, 256 F.2d 467, has withstood similar attacks with unfailing consistency. See, among others, Abernathy v. United States, 5 Cir., 1969, 418 F.2d 288; United States v. Rehfield, 9 Cir., 1969, 416 F.2d 273; United States v. Dancis, 2 Cir., 1969, 406 F.2d 729; Foston v. United States, 8 Cir., 1968, 389 F.2d 86; Johnson v. United States, 4 Cir., 1967, 374 F.2d 966; Brisco v. United States, 3 Cir., 1966, 368 F.2d 214; Rogers v. United States, 10 Cir., 1963, 326 F.2d 56; Carter v. United States, 1962, 113 U.S.App.D.C. 123, 306 F.2d 283.

We find nothing in appellant's argument which persuades us to depart from these previous holdings. Neither do we find any merit in appellant's argument that the provisions of the Act operate as an ex post facto law. Both the law to which he pleaded guilty and the Youth Corrections Act were in force at the time he committed the offense.

Affirmed.