Jacque Boyle, Los Angeles, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before HAMLEY, HUFSTEDLER, and KILKENNY, Circuit Judges.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Houston Harris WALTON, Defendant-Appellant.**

**No. 71–1600.**

United States Court of Appeals, Ninth Circuit.

Aug. 31, 1971.

PER CURIAM:

Appellant appeals from his conviction for violating 18 U.S.C. § 1708 (possession of stolen mail). He attacks the indictment, the sufficiency of the evidence to sustain the conviction, the adequacy of his trial counsel, and the validity of his sentence.

Appellant contends that the indictment was deficient because it failed to specify the contents of the three letters alleged to have been stolen, and it did not indicate the circumstances under which they were stolen. The indictment charged an offense, and it adequately apprised the appellant of the offense with which he was charged. There is no indication that the omissions of which he complains in any way prejudiced him.

The evidence was more than ample to sustain the conviction. There was, for example, direct evidence that a $5000 check payable to Jack Weisskopf had

been placed in the mailbox, that the addressee-payee did not receive the check, and that the appellant tried to cash that very check at a bank. When the bank officers took steps to verify the check and appellant's credentials, which were in fact forged, appellant "took off like a rocket," leaving the check in his wake. Further review of the evidence is unnecessary.

Nothing in the record supports the contention that appellant was inadequately represented in the trial court.

Appellant's argument that his commitment under the Youth Corrections Act (18 U.S.C. § 5010(b)) was invalid is frivolous. (*E. g.*, Brisco v. United States (3d Cir. 1966) 368 F.2d 214; Standley v. United States (9th Cir. 1963) 318 F.2d 700, cert. denied (1964) 376 U.S. 917, 84 S.Ct. 673, 11 L.Ed.2d 613.)

The judgment is affirmed.