**UNITED STATES of America, Plaintiff,**

**v.**

**Michael J. VAUGHT, Defendant.**

**Crim. A. No. 23894–3.**

United States District Court, W. D. Missouri, W. D.

Dec. 6, 1972.

Wendell K. Smith, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Ronald M. Sokol, Asst. Federal Public Defender, Kansas City, Mo., for defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OR CORRECTION OF SENTENCE

WILLIAM H. BECKER, Chief Judge.

On October 25, 1972, the defendant was sentenced following his conviction on a plea of guilty to a charge of violating Section 1202(a)(1), Title 18, United States Code App. (transportation of firearms by person convicted of a felony in interstate commerce). The sentence committed the defendant to the custody of the Attorney General under Section 5010(b), Title 18, United States Code, for treatment and supervision pursuant to the Federal Youth Corrections Act, until released in accordance with the provisions of Section 5017(c), Title 18, United States Code.

On November 3, 1972, the defendant filed a motion for reduction or correction of sentence which stated that the sentence imposed was unconstitutional and illegal since this sentence was in excess of the constitutionally allowable maximum sentence in this cause and thus violated the guaranty of due process of law and equal protection of law embodied in the Fifth Amendment. In his suggestions in support thereto the defendant contends that there is no difference in the treatment afforded youth offenders as distinguished from that available to adult offenders to justify longer periods of incarceration. Defendant further argues that Section 5010(b), Title 18, U.S.C., is violative of due process and equal protection of law as an arbitrary classification in view of the limitation of sentence of juvenile offenders (as distinguished from youth offenders) contained in Section 5034, Title 18, U.S.C., which states in part:

"Such commitment shall not exceed the term which might have been im-posed had he been tried and convicted of the alleged violation."

The applicable rule, Rule 35, F.R. Crim.P., provides pertinently that:

"The court may reduce a sentence within 120 days after the sentence is imposed. . . ."

Clearly, the defendant's motion for reduction has been timely filed.

Section 5010(b), Title 18, U.S.C., states the following:

"If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Division as provided in section 5017(c) of this chapter."

Section 5017(c), Title 18, U.S.C., states the following:

"A youth offender committed under section 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction."

If the defendant had been sentenced under the particular statute, Section 1202(a)(1), *supra*, which he has violated, he could have been fined "not more than $10,000 or imprisoned for not more than two years, or both." Section 1202(a)(1), *supra*.

■ It is well settled that a sentence under Section 5010(b), *supra*, is not invalid and does not deprive the defendant of his constitutional rights to due process of law and equal protection of law because it may operate to subject a youthful offender to a longer period of confinement than the maximum sentence

for other than youth offenders, provided for in the offense statute which he has violated. Foston v. United States (C.A. 8) 389 F.2d 86, cert. den. 392 U.S. 940, 88 S.Ct. 2319, 20 L.Ed.2d 1401; Kotz v. United States (C.A.8) 353 F.2d 312; Eller v. United States (C.A.9) 327 F.2d 639; Young Hee Choy v. United States (C.A.9) 322 F.2d 64; Rogers v. United States (C.A.10) 326 F.2d 56; Caldwell v. United States (C.A.10) 435 F.2d 1079; Hale v. United States (W.D.Okl.) 307 F.Supp. 345; Guidry v. United States (C.A.5) 433 F.2d 968; Carter v. United States, 113 U.S.App.D.C. 123, 306 F.2d 283. The purpose of Section 5010(b), *supra*, is to permit federal judges in their discretion to provide in sentences under the Federal Youth Corrections Act for treatment of youth offenders in line with modern trends in penology which stress correctional rehabilitation rather than retributive punishment. Frye v. Moran (W.D.Tex.) 302 F.Supp. 1291, aff'd (C.A.5) 417 F.2d 315 (and cases cited therein).

Another factor of critical importance that distinguishes a sentence under the Youth Corrections Act from a sentence imposed under the violated statute is that the "youth offender committed under the provisions of the Youth Corrections Act upon his [discharge] unconditionally [by the Youth Correction Division] before the expiration of the maximum sentence imposed is entitled to have the conviction set aside 'automatically' and not as a matter of discretion" of the Court. Tatum v. United States, 114 U.S.App.D.C. 49, 310 F.2d 854. See Section 5021, Title 18, U.S.C.

■ Defendant's argument that Section 5010(b) is violative of due process and equal protection of law as an arbitrary classification in view of the limitation of the sentence of juvenile offenders contained in Section 5034, *supra*, is without merit under the current controlling weight of authority.

The distinction between "juveniles" and "youth offenders" is a reasonable one since the Juvenile Delinquency Act which applies to those under the age of 18 was created by Congress to deal with children who committed federal offenses but yet were not old enough for the imposition of legal responsibilities and privileges. Guidry v. United States, (E. D.La.) 317 F.Supp. 1110.

"In fact, the distinction between juveniles and youth offenders, attacked by [defendant] as discriminatory, is not relevant to the indeterminate sentence provisions of the Youth Corrections Act. 'Youth offender' is anyone under the age of 22 at the time of conviction; this includes those who might also qualify as juveniles (under the age of 18, 18 U.S.C.A. § 5031). The Attorney General has discretion to proceed against a juvenile in a regular criminal action, and the juvenile must *consent* to juvenile delinquency proceeding, 18 U.S.C.A. § 5032. If the juvenile is prosecuted in a regular action, he is subject to sentencing under the Youth Corrections Act." (Emphasis in original.) 317 F.Supp. at 1112 (footnote).

No new material facts which would warrant reduction of the sentence have been presented by the defendant.

For the foregoing reasons, it is hereby

Ordered that the motion of the defendant for reduction or correction of sentence be, and it is hereby, denied.